UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
JOHN P. LIQUORI,                        :

        Plaintiff,                      :

        vs.                             :   No. 3:11cv818(SRU)(WIG)

MICHAEL J. ASTRUE,                      :
Commissioner of Social Security,
                                        :
        Defendant.
-------------------------------------------------X
```

ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT
WITH REVERSAL AND REMAND [DOC. # 21]

Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, has moved this Court to enter judgment with a reversal and remand of this cause to the Commissioner. Counsel for Defendant represents that she has contacted Plaintiff's counsel, Melissa A. Buckley, Esq., who consents to the relief sought in this motion.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Here, the Commissioner has determined, and Plaintiff's counsel concurs, that remand of this case is necessary because the ALJ did not adequately explain the assessment of whether Plaintiff's work activity was performed at substantial gainful activity levels; did not adequately

address the treating source opinions of Dr. Thomas Arkins and Dr. David Glassman; and did not adequately explain the assessment of Plaintiff's credibility.  Upon remand, the Appeals Council will assign the case to an ALJ who will be instructed to update the record and offer Plaintiff the opportunity for a new hearing.  The ALJ will be instructed to evaluate Plaintiff's post-onset work activity in accordance with 20 C.F.R. § 404.1575 and the guidelines set forth at 20 C.F.R. § 404.1594.  The ALJ will reassess the medical opinions of Dr. Arkins and Dr. Glassman, and will reassess Plaintiff's credibility.  The ALJ will obtain vocational expert testimony, if necessary, before proceeding through the sequential evaluation process and issuing a new decision.

Accordingly, the Court hereby GRANTS the Defendant's Assented to Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. # 21].   Plaintiff's Motion for Judgment on the Pleadings [Doc. # 16] is GRANTED to the extent set forth in this Ruling.

This is not a Recommended Ruling.  The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge.  *See* Fed. R. Civ. P. 73(b).

The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

It is SO ORDERED, this   15th   day of March, 2012, at Bridgeport, Connecticut.

　　　　　　　　　　　　　　　　　　　　　　　  /s/ *William I. Garfinkel*
　　　　　　　　　　　　　　　　　　　　　　　  WILLIAM I. GARFINKEL
　　　　　　　　　　　　　　　　　　　　　　　  United States Magistrate Judge